Tara J. Schleicher, OSB #954021
TSchleicher@fwwlaw.com
Margot D. Lutzenhiser, OSB #075982
MLutzenhiser@fwwlaw.com
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Fax: (503) 228-1741

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 13-30439-tmb11 |
|---|---|
| Pacific Cargo Services, LLC, | APPLICATION TO EMPLOY ATTORNEYS FOR DEBTOR-IN-POSSESSION (FARLEIGH WADA WITT) |
| Debtor. | |

Debtor Pacific Cargo Services, LLC ("Debtor"), hereby moves this Court for authority to employ the law firm of Farleigh Wada Witt ("FWW") as attorneys for Debtor in this Chapter 11 proceeding, and represents as follows:

BACKGROUND

1.  On January 28, 2013 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code.

JURISDICTION

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334 and LR 2100-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory basis for the relief requested herein is 11 U.S.C. § 327(a) and § 1107 of the Bankruptcy Code. Venue is proper under 28 U.S.C. § 1408.

/ / /

/ / /

Page 1 of 3 - APPLICATION TO EMPLOY ATTORNEYS FOR DEBTOR-IN-POSSESSION (FARLEIGH WADA WITT)
P:\DOCS\PCARGO\89936\PLDG\3DN2100.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

## RELIEF REQUESTED

3. By this application, the Debtor seeks entry of an order, effective as of the Petition Date, authorizing it to employ FWW as its general bankruptcy counsel in this Chapter 11 case on an hourly basis.

## POINTS AND AUTHORITIES

4. Subject to further order of this Court, and without being exhaustive, the Debtor proposes to employ FWW to represent it in the administration of the Chapter 11 case. Debtor selected FWW for the reason that FWW has considerable expertise in bankruptcy and business reorganizations.

5. Professional services that FWW is to render to the Debtor include, but are not limited to, the following:

   (a) consulting with Debtor concerning the administration of the case;

   (b) advise Debtor of its rights, powers and duties as Debtor-in-Possession under Chapter 11 of the Bankruptcy Code;

   (c) take all actions necessary to protect and preserve Debtor's estate, including the prosecution of actions on Debtor's behalf, the defense of any action commenced against Debtor, negotiations concerning all litigation in which Debtor is involved, objections to claims filed against Debtor in this bankruptcy case, and the compromise or settlement of claims;

   (d) representation of the Debtor in connection with the sale of any business assets;

   (e) prepare on Debtor's behalf all necessary applications, motions, answers, orders, reports and other papers necessary to the administration of the estate;

   (f) preparation and confirmation of plan of reorganization and disclosure statement; and

   (g) provide such other legal advice or services as may be required in connection with this Chapter 11 case.

Page 2 of 3 - APPLICATION TO EMPLOY ATTORNEYS FOR DEBTOR-IN-POSSESSION
(FARLEIGH WADA WITT)
P:\DOCS\PCARGO\89936\PLDG\3DN2100.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

6.  FWW received a retainer from the Debtor in the amount of $25,000 on January 14, 2013 and an additional $25,000 on January 28, 2013.  Such retainer has been deposited into FWW's Client Trust Account.

7.  Debtor has agreed to compensate FWW on the basis of FWW's ordinary hourly rates for this type of engagement, as shown for 2013 on the attached Exhibit A and subject to change from time to time, subject to review and approval by this Court.

8.  Subject to separate approval of the Court, the Debtor proposes to pay FWW and other estate professionals on a monthly basis pursuant to procedures under which professionals may receive 80% of fees and 100% of expenses with the balance of their administrative expense claims to be paid following the filing and approval of interim and final fee applications.

9.  To the best knowledge of the Debtor, except as set forth on FWW's Rule 2014 Verified Statement for a Proposed Professional, FWW does not hold or represent any interests adverse to the interests of the estate or the Debtor.

WHEREFORE, Debtor requests entry of an order, effective as of the Petition Date, authorizing it to employ FWW as its general bankruptcy counsel in this Chapter 11 case on an hourly basis, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as the Court may allow under Sections 330 and 331 of the Bankruptcy Code.

Dated:  January 28, 2013.

PACIFIC CARGO SERVICES, LLC

By:/s/James J. Holman
    James J. Holman, Manager

Presented By:
FARLEIGH WADA WITT

By:/s/ Tara J. Schleicher
    Tara J. Schleicher, OSB #954021
    Attorneys for Debtor

Page 3 of 3 - APPLICATION TO EMPLOY ATTORNEYS FOR DEBTOR-IN-POSSESSION (FARLEIGH WADA WITT)
P:\DOCS\PCARGO\89936\PLDG\3DN2100.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                      )
                                           )  Case No. _____
                                           )
                                           )  RULE 2014 VERIFIED STATEMENT
Debtor(s)                                  )  FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

1114 (11/30/09)    Page 3 of 3

In re Pacific Cargo Services, LLC

Attachment to Rule 2014 Verified Statement

Question 21:

James J. Holman has guaranteed the following debts of the debtor:

| Creditor | Amount of Guarantee |
|---|---|
| Ally Bank | $180,000.00 |
| Daimler Financial | $238,000 |
| Equify Financial | $495,000 |
| Ford Motor Credit | $500,000 |
| GE Capital | $1,000,000 |
| Graystone Capital | $2,200,000 |
| Jubitz | $250,000 |
| PACCAR Financial | $1,300,000 |
| Sisters Ridge | $300,000 |
| The Commerce Bank | $860,000 |

Question 22:

Loans to James J. Holman:

| Date | Amount | Purpose |
|---|---|---|
| 2/21/2012 | (43,197.85) | Expense Reimbursement |
| 4/12/2012 | (47,429.52) | Expense Reimbursement |
| 5/9/2012 | (38,434.08) | Expense Reimbursement |
| 5/22/2012 | (41,676.09) | Expense Reimbursement |
| 5/25/2012 | (22,771.89) | Expense Reimbursement |
| 5/31/2012 | (803.12) | Expense Reimbursement |
| 6/6/2012 | (88,907.87) | Expense Reimbursement |
| 6/18/2012 | (655.00) | Expense Reimbursement |
| 6/20/2012 | (35,982.77) | Expense Reimbursement |
| 7/12/2012 | (54,441.77) | Expense Reimbursement |
| 7/20/2012 | (6,000.00) | Expense Reimbursement |

| Date | Amount | Description |
|---|---|---|
| 8/8/2012 | (319.00) | Expense Reimbursement |
| 8/9/2012 | (30,000.00) | Expense Reimbursement |
| 8/13/2012 | (388.00) | Expense Reimbursement |
| 8/13/2012 | (335.00) | Expense Reimbursement |
| 8/13/2012 | (81,935.57) | Expense Reimbursement |
| 8/21/2012 | (11,508.80) | Expense Reimbursement |
| 8/21/2012 | (7,122.35) | Expense Reimbursement |
| 9/12/2012 | (330.00) | Expense Reimbursement |
| 9/12/2012 | (402.00) | Expense Reimbursement |
| 9/24/2012 | (6,000.00) | Expense Reimbursement |
| 9/26/2012 | (4,000.00) | Expense Reimbursement |
| 9/26/2012 | (1,802.00) | Expense Reimbursement |
| 10/10/2012 | (142,608.94) | Expense Reimbursement |
| 11/6/2012 | (4,000.00) | Expense Reimbursement |
| 11/9/2012 | (133,461.76) | Expense Reimbursement |
| 11/23/2012 | (382.00) | Expense Reimbursement |
| 11/23/2012 | (11,032.78) | Expense Reimbursement |
| 12/17/2012 | (1,769.24) | Expense Reimbursement |
| 12/17/2012 | (946.28) | Expense Reimbursement |
| 12/20/2012 | (121.47) | Expense Reimbursement |
| 12/21/2012 | (168.43) | Expense Reimbursement |
| 12/24/2012 | (1,381.29) | Expense Reimbursement |
| 1/22/2013 | (31,629.92) | Expense Reimbursement |
| **Totals** | **(851,944.79)** | |

| Date | Amount | Description |
|---|---|---|
| 2/10/2012 | (2,500.00) | Shareholder Loan |
| 4/6/2012 | (5,000.00) | Shareholder Loan |
| 5/3/2012 | (2,500.00) | Shareholder Loan |
| 5/3/2012 | (6,237.80) | Shareholder Loan |
| 5/30/2012 | (2,500.00) | Shareholder Loan |
| 7/2/2012 | (2,500.00) | Shareholder Loan |
| 8/3/2012 | (6,237.80) | Shareholder Loan |
| 8/3/2012 | (2,500.00) | Shareholder Loan |
| 9/6/2012 | (2,500.00) | Shareholder Loan |
| 10/5/2012 | (2,500.00) | Shareholder Loan |
| 10/15/2012 | (2,500.00) | Shareholder Loan |
| 11/6/2012 | (6,237.80) | Shareholder Loan |
| **Totals** | **(43,713.40)** | |