1   Tara J. Schleicher, OSB #954021
    TSchleicher@fwwlaw.com
2   Margot D. Lutzenhiser, OSB #075982
    MLutzenhiser@fwwlaw.com
3   Farleigh Wada Witt
    121 SW Morrison Street, Suite 600
4   Portland, Oregon 97204-3136
    Telephone: (503) 228-6044
5
        Attorneys for Pacific Cargo Services, LLC, Debtor
6

7

8               IN THE UNITED STATES BANKRUPTCY COURT

9                   FOR THE DISTRICT OF OREGON

10  In re                               Case No. 13-30439-tmb11

11  Pacific Cargo Services, LLC,

12                      Debtor.         DEBTOR'S MOTION FOR AUTHORITY TO
                                        SELL ASSETS FREE AND CLEAR OF
13                                      LIENS, CLAIMS AND ENCUMBRANCES
                                        OUTSIDE THE ORDINARY COURSE OF
14                                      BUSINESS

15          Debtor Pacific Cargo Services, LLC ("PCS" or "Debtor"), by and through its

16  undersigned counsel, hereby submits this Motion for Authority to Sell Property Free and Clear of

17  Liens, Claims and Encumbrances Outside the Ordinary Course of Business ("the Sale Motion").

18  In support of the Sale Motion the Debtor states as follows:

19                            **Jurisdiction and Venue**

20          1.      This Court has jurisdiction of the subject matter herein and the parties

21  hereto pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 361, 363, 365, 1107 and related

22  statutes and rules.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (N).

23                            **History and Background**

24          2.      On January 28, 2013, a voluntary petition for relief under Chapter 11 of

25  Title 11, the United States Code (the "Bankruptcy Code") was filed by the Debtor.

26  / / /

Page 1 of 7 -    DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND ENCUMBRANCES OUTSIDE THE ORDINARY COURSE OF BUSINESS
P:\DOCS\PCARGO\89936\PLDG\3FF1280.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1        3.     The Debtor remains in possession of its assets as a debtor-in-possession

2  pursuant to sections 1107(a) & 1108 of the Bankruptcy Code.

3        4.     The Debtor is an expedited delivery company that provides same day

4  courier and logistics services for companies throughout Washington, Oregon, Idaho, Northern

5  California, Utah and Montana.

6                            **Sales Process & Bids**

7        5.     On June 25, 2013, this Court entered an order (1) Authorizing and

8  Scheduling Auction, (2) Approving Sale Procedures and Procedures for Assumption and

9  Assignment of Executory Contracts/Leases, (3) Approving Form and Method of Notice of

10  Bidding Procedures and Sale, and (4) Granting Related Relief (the "Sales Procedures Order")

11  (Docket No. 338).  Among other things, that order approved Sales Procedures and authorized the

12  Debtor to move forward with an Auction on July 23, 2013 (the "Auction"). See Sales Procedures

13  Order, Ex. 1 (specifically outlining the approved sales and auction procedures).  The Debtor's

14  sales process is being run by broker, Equity Partners ("EP").

15        6.     As contemplated in the Sales Procedures Order, the Debtor has chosen a

16  stalking horse bid (the "Stalking Horse Bid") to notice in anticipation of the Auction.  Debtor has

17  received several additional bids for its assets.  Based on the other bids EP has received, the

18  Debtor and EP expect competitive bidding for the Debtor's assets at the Auction to result in at

19  least one overbid.

20        7.     More specifically, the Debtor has received a bid for approximately double

21  the proposed purchase price in the Stalking Horse Bid.  However, a sales deposit has not been

22  timely received by that bidder, so its offer is not a "Qualified Bid" per the terms of the approved

23  Sales Procedures at this point.

24             **Summary of Proposed Sale and Sale Costs**

25        8.     The proposed purchaser is Pacific Cargo Single Purpose Acquisition

26  Company ("PCSPAC" or "Purchaser"), an entity to be formed by Cardinal Courier.  PCSPAC

Page 2 of 7 -     DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND ENCUMBRANCES OUTSIDE THE ORDINARY COURSE OF BUSINESS
P:\DOCS\PCARGO\89936\PLDG\3FF1280.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1   proposes to purchase a subset of the Debtor's assets (the "Assets") and continue the operations of

2   its business.  PCSPAC anticipates retaining PCS's employees in order to continue operations.

3           9.  The proposed purchase is fully described in the Asset Purchase Agreement

4   ("APA") attached here to as Exhibit A.  As set out in the APA, the Debtor proposes to sell the

5   following Assets for a total sales price of $521,000:

6           (1)  Equipment, and machinery (excluding trucks) ("Lot 1") for $1,000;

7           (2)  Owned vehicles for $250,000 ("Lot 2") (a breakdown by secured

8               creditor is attached to the APA);

9           (3)  Accounts receivables ("Lot 3") for $250,000;

10          (4)  Customer list, trade names, websites, phone numbers and other

11              intellectual property ("Lot 4") for $10,000;

12          (5)  Assumption and assignment of leased trucks, subject to lessor

13              approval, but without payment of any cure amount due;

14          (6)  Assumption and assignment of leased scanners, subject to lessor

15              approval, but without payment of any cure amount due or,

16              alternatively, a cash purchase of scanners for $10,000.

17          10.  Known secured claims relating to the Assets of the Debtor and a

18  description of the collateral are as follows:

19     a.  Graystone Capital ("Graystone") [blanket security interest]  $2,216,683.45[1]

20     b.  Ally Bank [vehicles]  $204,391.00

21     c.  AT&T Capital Services, Inc. [scanners]  $8,725.67

22     d.  Cutting Edge Federal Credit Union [vehicle]  $10,569.97

23     e.  De Lage Landen [forklift]  $1,319.64

24     f.  Dell Financial Services [computer equipment]  $7,927.67

25

26  [1] The amounts owed to Graystone and Les Schwab are disputed.

Page 3 of 7 -    DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND ENCUMBRANCES OUTSIDE THE ORDINARY COURSE OF BUSINESS
P:\DOCS\PCARGO\89936\PLDG\3FF1280.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

| | | | |
|---|---|---|---|
| 1 | h. | Ford Motor Credit Company [vehicles] | $380,920.00 |
| 2 | i. | GE Capital [vehicles] | $910,251.21 |
| 3 | j. | MSA Systems, Inc. [scanners] | $18,477.95 |
| 4 | m. | PACCAR Financial [vehicles] | $1,089,175.00 |
| 5 | n. | Pacific Office Automation [copiers] | $3,264.40 |
| 6 | o. | Les Schwab [tires & vehicle parts] | $20,292.24[1] |

7    11.    As provided in the Bid Procedures, secured creditors (with liens on the

8    Assets) may credit bid their secured claim at the Auction.

9    12.    PCSPAC has submitted a good faith deposit, which is being held by EP

10    pursuant to the court approved Bid Procedures.

11    13.    A prompt sale of the Assets to PCSPAC or the winning bidder at the

12    Auction will enable the Debtor to realize the maximum value for the Assets.

13    14.    Pursuant to the APA, PCSPAC is purchasing the Assets of the Debtor free

14    and clear of liens, claims and encumbrances, and shall not assume any successor liability or other

15    liability, but is proposing to assume the Debtor's vehicle and scanner leases, subject to lessor

16    approval.  In the alternative, PCSPAC has proposed an outright cash purchase of the Debtor's

17    scanners.  Additionally, PCSPAC anticipates negotiating new lease agreements with the Debtor's

18    landlords for continued occupancy.

19    15.    The APA was a negotiated, arms-length transaction in which the

20    Purchaser has acted in good faith, without collusion or fraud of any kind.  The Purchaser is not

21    an "insider" or "affiliate" of the Debtor as those terms are identified in the Bankruptcy Code.

22    Neither the Debtor nor the Purchaser has engaged in any conduct that would prevent the

23    application of section 363(m) of the Bankruptcy Code or cause the application of section 363(n)

24    of the Bankruptcy Code with respect to the consummation of the transaction contemplated by the

25    Sale Motion.

26    ///

Page 4 of 7 -    DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND ENCUMBRANCES OUTSIDE THE ORDINARY COURSE OF BUSINESS
P:\DOCS\PCARGO\89936\PLDG\3FF1280.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1        16.    PCSPAC has not entered into any agreements of any kind with insiders or

2  management, including agreements regarding compensation or future employment.  However, as

3  previously stated, it is anticipated that PCSPAC will employ all or substantially all of the

4  Debtor's employees including management.

5        17.    The Debtor requests the Court find that the Purchaser is purchasing the

6  Assets in good faith within the meaning of section 363(m) of the Bankruptcy Code and is entitled

7  to the protections of section 363(m) and 363(n) of the Bankruptcy Code.

8        18.    The proposed sale would require payment of a broker fee to EP in the

9  amount of 7% of the total purchase price.  As such, the cost of the broker fee for the proposed

10  sale is $36,470.

11        19.    The Debtor believes that, in the event the Sale Motion is approved, the

12  result will be a successful sale of the Assets.  The Debtor asserts that PCSPAC will be a capable,

13  competent buyer, will give value for the Debtor's assets and will therefore be a good faith

14  purchaser.  The Debtor believes that PCSPAC will satisfy the provisions of the Bankruptcy Code

15  and case authority.

16        20.    Notice of the sale shall be sent to all creditors and interested parties.  A

17  shortened notice period was approved in Sales Procedures Order.

18                            **<u>Argument and Authorities</u>**

19        21.    After notice and a hearing, a Debtor may use, sell, or lease property of the

20  estate, other than in the ordinary course of business. 11 U.S.C. §§ 363(b)(1), 363(f)(2), 363(f)(5),

21  1107(a).

22        22.    Courts, including the Ninth Circuit, have uniformly held that approval of a

23  proposed sale of property under section 363(b)(1) is appropriate where the transaction is

24  consistent with the Debtor's reasonable business judgment.  *In re Large Scale Biology*

25  *Corporation,* 2007 Bankr. LEXIS 4217 (Bankr. D. Cal. 2007). A debtor's sound business

26  judgment in the use, sale, or lease of property is given substantial judicial deference. *See, e.g., In*

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  *re Moore*, 110 B.R. 924 (Bankr. C.D. Cal. 1990); *In re Canyon P'ship*, 55 B.R. 520 (Bankr. S.D.

2  Cal. 1985); *see also, In re Walter*, 83 B.R. 14,19-20 (B.A.P. 9th Cir. 1988).

3        23.    The Debtor runs an employee-intensive and asset-light operation.  As

4  such, the Debtor believes that it is in the best interest of its creditors and employees to sell the

5  business as a going concern.  Importantly, maintaining business operations would save the jobs

6  of approximately 250 individuals.  Independent contractors and trade vendors of PCS (may of

7  whom are creditors) would also benefit from continued operations of the business.

8        24.    The Debtor has spent considerable time and energy investigating options

9  for both reorganizing the business and selling its assets.  The Debtor believes that selling its

10  assets as a going concern through a competitive auction process with PCSPAC as the stalking

11  horse bid will ensure that the maximum proceeds possible will be realized by the estate, which is

12  the principal outcome sought in any Chapter 11 case.  In the Debtor's informed and reasonable

13  business judgment, this will result in a maximization of the value of the subject assets and be in

14  the best interests of the estate and all creditors.  The Debtor further asserts that a recovery for

15  creditors through a sale of its assets would far exceed the possible recovery for creditors in a

16  liquidation scenario.

17        25.    Although the proposed sale does not include a carve-out provision for the

18  benefit of unsecured creditors, it does generate sales proceeds sufficient for the Unsecured

19  Creditor's Committee and Debtor to negotiate such a carve out with secured creditors.  The

20  Debtor does not plan to move forward with requesting approval of a sale of the Debtor's assets

21  without having a carve-out negotiated.

22        26.    The proposed sale outside of a plan context is warranted in this case

23  because that the terms of the proposed sale will not restrict any creditor or any party in interest

24  from objecting to the sale.

25        27.    Accordingly, the proposed sale of the Assets described herein is consistent

26  with the Debtor's business judgment and is in the best interests of the estate and the creditors.

Page 6 of 7 -    DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND ENCUMBRANCES OUTSIDE THE ORDINARY COURSE OF BUSINESS
P:\DOCS\PCARGO\89936\PLDG\3FF1280.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    Thus, the sale should be approved.

2            28.    Lastly, it is imperative that the sale approval process and closing occur

3    quickly so that the transition to the new owner is smooth and business operations are not

4    interrupted.  Any interruption in operations caused by a delay in this transaction could cause

5    severe harm by jeopardizing closing of a sale.  Thus, there is good cause to justify waiver of the

6    14-day stay provided by Bankruptcy Rule 6004(h).

7            WHEREFORE, the Debtor respectfully requests that this Court (i) authorize the

8    Debtor to sell the Assets outside the ordinary course of business in accordance with the terms of

9    this Sale Motion to PCSPAC or winning bid(s) at the Auction, and (ii) authorizing the Debtor to

10    take all actions that are reasonably necessary or appropriate to fulfill its obligations under the

11    APA attached hereto as Exhibit A or an APA executed with winning bidder(s) and to

12    consummate the transactions contemplated thereby.  The debtor further requests that the Order

13    on this motion become effective immediately upon its entry, notwithstanding any stay under

14    Bankruptcy Rule 6004(h).

15            Dated: July 11, 2013.

16
                            FARLEIGH WADA WITT
17

18

19                        By:/s/ Margot D. Lutzenhiser
                            Tara J. Schleicher, OSB #954021
20                           tschleicher@fwwlaw.com
                            Margot D. Lutzenhiser, OSB #075982
21                           mlutzenhiser@fwwlaw.com
                            (503) 228-6044
22                           Of Attorneys for Debtor Pacific Cargo
                            Services, LLC
23

24

25

26

DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF LIENS,
           CLAIMS AND ENCUMBRANCES OUTSIDE THE ORDINARY COURSE OF BUSINESS
           P:\DOCS\PCARGO\89936\PLDG\3FF1280.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

## ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT, dated as of 10th day of July, 2013 (the "Execution Date "), is entered into by and among a Pacific Cargo Single Purpose Acquisition Co. an **entity to be formed** (" Buyer "), and Pacific Cargo Services, Inc. ( "Seller"), Seller and Buyer are referred to in this Agreement (as defined hereinafter) collectively as the " Parties."

WHEREAS, Seller is the owner and operator of an expedited freight and delivery service (the "Business"); and

WHEREAS, Buyer wishes to purchase from Seller, and Seller desires to sell to Buyer, substantially all of the assets of Seller relating to the Business (other than the Excluded Assets (as defined hereinafter)

WHEREAS, Seller has filed voluntary petitions for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") and are presently operating as Debtors-In-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

WHEREAS, on _____, 2013 the United States Bankruptcy Court for the District of Oregon ("Bankruptcy Court") entered an order approving bidding procedures in connection with the sale of Seller's assets and authorizing the Seller to enter into an asset purchase agreement.

WHEREAS, Buyer's offer is subject to winning all lots bid for.

NOW, THEREFORE, in consideration of the respective representations, warranties, covenants and agreements set forth below, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

### Purchase and Sale

2.1      Agreements to Purchase and Sell . Subject to the terms and conditions of this Agreement, and except for the Excluded Assets, at the Closing, Seller shall sell, transfer, convey, assign and deliver to Buyer, and Buyer shall purchase and accept from Seller, free and clear from any liens, claims and encumbrances pursuant to section 363(f) of the Bankruptcy Code, with all valid liens to attach to the proceeds of sale, all right, title and interest of Seller in and to all of the assets, properties, interests and rights comprising the Business, of every kind and description, existing as of the date of this Agreement or acquired through the Closing, including all of the following assets (collectively, the " Acquired Assets "):

(a)      all tangible assets, including but not limited to tooling, fixtures, equipment, computer systems and software, sole right and ownership to the source code, database and all other aspects of the SKY software regardless  of form such as blueprints, flow charts, procedures, patterns, technical data, designs, research, manuals, records  whether registered  or  unregistered,  included  on

intellectual property furniture, machinery, office equipment, furnishings and instruments;

(b)    all goodwill directly arising from, related to or resulting from the Business;

(c)    all Seller intellectual property assets; any and all of the following, as they exist throughout the world: (a) patents, patent applications of any kind, patent rights, inventions, discoveries and invention disclosures (whether or not patented) (collectively, "Patents");   (b) rights in registered and unregistered trademarks, service marks, trade names, trade dress, logos, packaging design, slogans and internet domain names and registrations and applications for registration of any of the foregoing (collectively, "Marks"); (c) registered and material unregistered copyrights in both published and unpublished works, and all copyright registrations and applications, and all derivatives, translations, adaptations and combinations of the above, including copyrights in (i) all design history files, (ii) manufacturing instructions, and (iii) all documents primarily related to the Seller's products (the "Products") and controlled by Seller (collectively, "Copyrights"); (d) know-how, trade secrets, confidential or proprietary information, research in progress, algorithms, data, designs, processes, formulae, drawings, schematics, blueprints, flow charts, models, strategies, prototypes, techniques, customer lists and contact numbers/addresses, business strategies, forecasts, testing procedures and testing results (collectively, "Trade Secrets"); (e) any and all other intellectual property rights and/or proprietary rights relating to any of the foregoing; (f) all licenses and other contracts under which Seller has sold, licensed, leased or otherwise transferred or granted any interest or rights to any Marks, Patents, Copyrights or Trade Secrets and (g) goodwill, franchises, permits, consents, approvals, and claims of infringement and misappropriation against third parties.

(d)    all inventory including all inventory of the Products together with all inventory of raw materials, work-in-progress related to the Products and finished goods inventory of the Products, whether held at a location or facility of Seller (or of any other person on behalf of Seller) or in transit to or from Seller (or any such other person), any inventory on loan to or being used by any customers, clinicians or others for evaluation, testing or in conjunction with any studies or trials, including any inventory that is acquired by Seller between the date of the asset purchase agreement and closing date;

(e)    all rights in, under and contracts or leases assumed and assigned by the Seller, if any, relating to the Business;

(f)    all regulatory approvals to the extent transferable;

(g)    all manufacturing instructions; and

(h)    all other assets directly arising out of, relating to or resulting from the Business, of every nature whatsoever, tangible and intangible, and wherever located, such as any business records; customer lists; all insurance proceeds under any insurance policies of any kind; customer records and histories; customer

invoices; lists of suppliers and vendors and all records relating thereto; list of sales agents; price lists; engineering drawings; clinical trial data and records; records with respect to production, engineering, and product development costs; advertising matter; catalogues; photographs; instruction manuals; the name "Pacific"; "Pacific Cargo"; "Pacific Cargo Service(s); "PCS"; sales literature and materials; purchasing materials; media materials; manufacturing and quality control records and procedures; research and development files; design history files; data and laboratory books and media materials and plates; and copies of all files relating to the Seller intellectual property assets, including all applications, registrations, assignments, correspondence to and from the United States Patent and Trademark Office and any other foreign patent and trademark offices, dockets, workbooks, legal opinions, prior art searches, notes, memoranda and other related information.

(i)      all accounts receivable and notes receivable balances that exist, whether current or non-current, including any unbilled receivables, including activity rendered prior to, but not invoiced as of the closing date, as of the closing date, including any value added taxes or similar taxes levied on such accounts receivable, any unpaid interest accrued on any such accounts receivable and any security or collateral related thereto, and any payments received with respect thereto before or after the closing date; and

(j)      all books (including corporate minute books), documents, records of Seller and Seller's affiliates as may exist on the closing date necessary to the Business as maintained by Seller;

(k)   all rights of recovery, rights of set-off and rights of recoupment of every kind and nature (whether or not known or unknown or contingent or non-contingent) of the Companies with respect to the Assets and all indemnities owed to the Companies in respect of the Assets or the Business, excluding any causes of action arising under chapter 5 of the Bankruptcy Code (the "Avoidance Actions") and all existing claims and causes of action brought by any of the Companies on or prior to the date hereof

2.2      <u>Excluded Assets</u>.  Assets shall not include

(a)      cash, bank or other deposit accounts, prepaid deposits, security deposits of Seller;

(b)      rights to tax refunds, prepaid taxes or tax attributes of for related to Seller or its affiliates;

(c)      any capital stock of Seller or of any affiliate of Seller; and

(d)      mal practice or insurance claims

(e)       claims against creditors that arise by operation of the Bankruptcy Code including, but not limited to preference claim and fraudulent transfer claims.

(e)    any asset listed in Section 2.1 above that are not transferable by Seller for any reason.

(f)    other outstanding amounts unpaid and owed by Seller up until closing of any nature.

2.3    <u>Assumed Liabilities</u>. On the Closing Date, Buyer shall not assume any liabilities of Seller except those set forth on Schedule A hereto.

**<u>Purchase Price</u>**

3.1    <u>Purchase Price</u>. In consideration of the sale by Seller to Buyer of the Acquired Assets, Buyer agrees to pay to Seller the following at Closing for the following lots as described in the Bid Procedures document:

As per the bid procedures outlined we are bidding Lot 8 in the amount of $521,000 with allocations for each Lot 1 through 7 as outlined below, with Lot 2 broken out in Exhibit A.

The sum of $1,000.00 in US Dollars in cash or certified funds for Lot 1, [All owned machinery and equipment, including office furniture and equipment, excluding Lot 2;]

The sum of $ 250,000.00 in US Dollars in cash or certified funds for Lot 2 [Owned Vehicles] See Exhibit A.

The Sum of $250,000.00 in US Dollars in cash or certified funds for Lot 3, [Accounts Receivable]. If the Closing Receivables are determined to be less then $1,400,000 on Closing, Buyer shall pay to Sellers a dollar less for each dollar that Closing Receivables are less then $1,400,000.

The Sum of $10,000.00 in US Dollars in cash or certified funds for Lot 4,[ Customer List, Trade Names, Websites, Phone Numbers and other Intellectual Property]

The Sum of $0.00 in US Dollars in cash or certified funds for Lot 5 [Truck Lease (Assumption and Assignment of Lease or Cash offer to buy leased trucks, subject to Lessor approval);]. We will assume the enterprise leases.

The Sum of $10,000 in US Dollars in cash or certified funds for Lot 6 [Leased Scanners (Assumption and Assignment of Lease or Cash offer to buy leased equipment, subject to Lessor approval); ]

The Sum of $0 in US Dollars in cash or certified funds for Lot 7 [Real Property Leases (Assumption and Assignment of Leases); ] <u>We will enter into new rental leases where appropriate to do so – others we will discharge or continue month to month;</u>

<u>NOTE: This offer is subject to winning all lots bid for as we are only interested in these assets to allow us to continue the business as a going concern. Any interruption in service would not be acceptable.</u>

3.2     <u>Deposit</u>.  Buyer shall tender a deposit (the "Deposit") in the amount of $75,000 with Sellers' broker Equity Partners CRB LLC to be held in an escrow account and to be applied to the Purchase Price at the Closing.  In the event the Closing does not occur for reasons other than the fault of the Buyer, Seller shall return the Deposit to Buyer as soon as practicable thereafter.

**Closing**

4.1     <u>Closing Date</u>.  On the terms and subject to the conditions of this Agreement, the Closing shall take place at a place to be mutually agreed to by the Parties.  Closing shall take place fifteen days after Bankruptcy Court approval of the sale contemplated by this Agreement.

4.4     <u>Further Assurances</u>.

(a)     To the extent that the consent or approval of any third party is required to transfer or assign any Acquired Asset, including any Transferred Contract, to Buyer as contemplated hereunder and, such consent or approval is not obtained prior to the Closing, Seller shall execute such documents.  Nothing herein shall be construed as an attempt to transfer any Acquired Asset for which the consent or approval of a third party is required unless and until such consent or approval shall be obtained.

(b)     Seller, from time to time after the Closing, at the request of Buyer and without further consideration but at Buyer's sole expense, shall execute and deliver further instruments of transfer and assignment provided by Buyer at Buyer's expense as may be necessary to obtain any consents, approvals or to effectuate any transfer contemplated by this Agreement.

**Representations and Warranties of Seller**

5.1     <u>Organization</u>.  Seller is a corporation duly organized, validly existing and in good standing under the laws of its jurisdiction of incorporation, and is duly qualified to transact business as a corporation in such jurisdictions where the nature of the Business makes such qualification necessary.  Seller has all requisite corporate power and authority to carry on its business (including the Business) as now being conducted.

**Representations of Buyer**

6.1     <u>Financial Status</u>.  Buyer has adequate funds to complete the transactions contemplated herein without any financing contingency.

6.2    <u>No Conflict</u>.    Neither the execution nor performance of this Agreement will violate any contract or other commitment to which Buyer is a party, or by which it is bound, or will be in conflict with, or result in or constitute a breach or default on the part of Buyer under any such indenture, contract or other commitment.

6.3    <u>Compliance with Laws</u>.  All consents, approvals and authorizations and all other requirements prescribed by any law, rule or regulation which must be obtained or satisfied by Buyer and which are necessary for the execution and delivery by Buyer of this Agreement and the documents to be executed and delivered by Buyer in connection herewith have been obtained and satisfied or shall be obtained and satisfied.

6.4    <u>As-Is; Where-Is</u>.    Buyer acknowledges and agrees that all of the Acquisition Assets are being purchased by Buyer in "As-Is" and "Where-Is" condition.  Buyer further acknowledges and agrees that Buyer is familiar with the Acquisition Assets and unconditionally accepts the purchase of the Acquisition Assets in such "As-Is" and "Where-Is" condition, pursuant to the terms herein.

6.5    <u>Confidentiality</u>.    It is acknowledged by Buyer that all information discovered in the course of its due diligence is in all respects of a confidential nature and Buyer agrees at Seller's request at any time to execute a nondisclosure agreement confirming these terms of confidentiality.

<b><u>Conditions to Closing</u></b>

The obligation of Seller to sell the Acquisition Assets pursuant to this Agreement shall be subject to the satisfaction of the following conditions ("Closing Conditions"):

7.1    <u>Bankruptcy Court Approval</u>.  By written order (the "Bankruptcy Court Order") the Court shall approve this Agreement and the transactions contemplated herein pursuant to §363(b), (f) and (m) of the Bankruptcy Code as a sale to a good faith purchaser "free and clear" of all liens, claims and encumbrances.

7.2    <u>Delivery of Purchase Price</u>.  Buyer shall deliver the Purchase Price in full to Seller at Closing.

Pacific Cargo Single Purpose Acquisition Co.        [Seller Name and Address]
120 Adelaide St West, Suite 2400
Toronto, Ontario, M5H 1T1

By: _____        By:  _____

Name:_Michael Franks / Gordon Cooper_____        Name:_____

Title: __Vice-Chairman Cardinal Courier_____Title: _____

http://www.cardinalcouriers.com/

# Exhibit A

| | | | Vehicles List with Lienholder | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Truck Lot # | Bid | Truck # | Hub | Vin # | Plate # | Year | Make | Model | Engine | Trans. | Vehicle Size | Mileage at 4/30/1 | Lienholder |
| 1 | 1841.9 | 43 | Seattle | 2FZACFDU39AAL9632 | TS76577 | 2009 | Sterling | Actera | Cum 330 | 4F27E | 26' Box-truck | 225,889 | Cutting Edge |
| | | | | | | | | | | | | | |
| 2 | 1806.0 | 51 | Boise | 1FDWE3FL1ADA55917 | TS80656 | 2010 | Ford | E-350 | 5.4 | 5R110W | 16' Box-truck | 198,000 | Ford Credit |
| | 1806.0 | 52 | Wenatchee | 1FDWE3FL3ADA55918 | T576429 | 2010 | Ford | VA | 5.4 | 5R110W | 16' Box-truck | 176,427 | Ford Credit |
| | 2066.8 | 53 | Bend | 1FDWE3FL1ADA55920 | T576427 | 2010 | Ford | E-350 | 5.4 | 5R110W | 16' Box-truck | 71,280 | Ford Credit |
| | 2055.1 | 54 | Portland | 1FT8W38T9BEB09931 | CA07073 | 2011 | Ford | F-350 | 6.7 | 6-Speed Auto | Pickup | 52,225 | Ford Credit |
| | 1806.0 | 55 | Medford | 1FDWE3FL9BDA16817 | 585FDV | 2011 | Ford | E-350 | 5.4 | 5R110W | 16' Box-truck | 105,500 | Ford Credit |
| | 1806.0 | 56 | Medford | 1FDWE3FLXBDA14784 | 035FBW | 2011 | Ford | E-350 | 5.4 | 5R110W | 16' Box-truck | 110,990 | Ford Credit |
| | 2259.4 | 57 | Boise | 1FC2E3KL2BDA34018 | 067FAP | 2011 | Ford | E-350 | 5.4 | 5R110W | Utillmaster | 31,000 | Ford Credit |
| | 2089.0 | 58 | Kennewick | NMOLS7BN7BTO46948 | 122FAP | 2011 | Ford | Transit C | 2.0 | 4F27E | Economy Van | 86,333 | Ford Credit |
| | 2089.0 | 59 | Bend | NMOLS7AN8BT050492 | 180FAP | 2011 | Ford | Transit C | 2.0 | 4F27E | Transit Van | 91,321 | Ford Credit |
| | 2259.4 | 60 | Boise | 1FC2E3KL7BDA34015 | 148FAP | 2011 | Ford | E-350 | 5.4 | 5R110W | Utillmaster | 40,000 | Ford Credit |
| | 2259.4 | 61 | Boise | 1FC2E3KL9BDA34016 | 145FAP | 2011 | Ford | E-350 | 5.4 | 5R110W | Utillmaster | 24,000 | Ford Credit |
| | 2259.4 | 62 | Portland | 1FC2E3KL0BDA34017 | 146FAP | 2011 | Ford | E-350 | 5.4 | 5R110W | Utillmaster | 48,678 | Ford Credit |
| | 2259.4 | 63 | Seattle | 1FC2E3KL7BDA36282 | 330FUP | 2011 | Ford | E-350 | 5.4 | 5R110W | Utillmaster | 56,302 | Ford Credit |
| | 2259.4 | 64 | Seattle | 1FC2E3KL8BDA42432 | 278FUP | 2011 | Ford | E-350 | 5.4 | 5R110W | Utillmaster | 63,410 | Ford Credit |
| | 2259.4 | 65 | Seattle | 1FC2E3KLXBDA42433 | 279FUP | 2011 | Ford | E-350 | 5.4 | 5R110W | Utillmaster | 66,400 | Ford Credit |
| | 2259.4 | 66 | Albany | 1FC2E3KL1BDA42434 | 329 SAP | 2011 | Ford | E-350 | 5.4 | 5R110W | Utillmaster | 82,858 | Ford Credit |
| | 2389.8 | 67 | Seattle | 1FC2E3KL3BDA42435 | 280FAP | 2011 | Ford | E-350 | 5.4 | 5R110W | Utillmaster | 49,543 | Ford Credit |
| | 2389.8 | 68 | Boise | 1FC2E3KL5BDA42436 | 331FAP | 2011 | Ford | E-350 | 5.4 | 5R110W | Utillmaster | 44,000 | Ford Credit |
| | 2079.5 | 190 | Moses Lake | 1FDWE3FL7BDA97087 | Y116756 | 2011 | Ford | E-350 | 5.4 | 5R110W | 16' Box-truck | 141,545 | Ford Credit |
| | 2079.5 | 191 | Moses Lake | 1FDWE3FL6BDA95167 | 994-FDQ | 2011 | Ford | E-350 | 5.4 | 5R110W | 16' Box-truck | 143,153 | Ford Credit |
| | 2209.9 | 194 | PDX/DLS | 1FDWE3FLXBDA91350 | 376FRB | 2011 | Ford | E-350 | 5.4 | 5R110W | 16' Box-truck | 42,429 | Ford Credit |
| | | | | | | | | | | | | | |
| 3 | 5683.5 | 170 | Seattle | 2NP2HM6X2CM144310 | Y116351 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 154,747 | Paccar |
| | 5671.7 | 171 | Kennewick | 2NP2HM6X7CM144321 | 582226 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 157,001 | Paccar |
| | 5775.5 | 172 | PDX/RBG | 2NP2HM6X5CM144318 | 348FMB | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 137,089 | Paccar |
| | 5801.5 | 173 | PDX/RBG | 2NP2HM6X8CM144313 | Y116352 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 132,128 | Paccar |
| | 5801.5 | 174 | Seattle | 2NP2HM6XXCM144314 | Y116353 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 121,853 | Paccar |
| | 6107.3 | 175 | Seattle | 2NP2HM6X1CM144315 | TS81949 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 43,589 | Paccar |
| | 5753.2 | 176 | Portland | 2NP2HM6X3CM144316 | Y116354 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 141,378 | Paccar |
| | 5664.7 | 177 | Seattle | 2NP2HM6X5CM144317 | Y116355 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 158,356 | Paccar |
| | 5710.5 | 178 | Seattle | 2NP2HM6X7CM144318 | Y116356 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 147,084 | Paccar |
| | 5710.5 | 179 | Portland | 2NP2HM6X9CM144319 | Y116357 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 149,573 | Paccar |
| | 5851.8 | 181 | Kennewick | 2NP2HM6X7CM144321 | TS82226 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 122,477 | Paccar |
| | 5918.6 | 182 | Spokane | 2NP2HM6X9CM144322 | Y116358 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 109,672 | Paccar |
| | 5984.4 | 183 | Seattle | 2NP2HM6X0CM144323 | Y116359 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 97,041 | Paccar |
| | 5848.3 | 184 | Seattle | 2NP2HM6X2CM144324 | Y116360 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 123,142 | Paccar |
| | 5952.9 | 185 | Wenatchee | 2NP2HM6X4CM144325 | Y116361 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 103,094 | Paccar |
| | 6095.3 | 186 | Bend | 2NP2HM6X6CM144326 | TS81950 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 47,296 | Paccar |
| | 5498.0 | 187 | Yakima | 2NP2HM6X8CM144327 | Y116362 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 190,307 | Paccar |
| | 5622.3 | 188 | Kennewick | 2NP2HM6XXCM144328 | 116363 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 166,472 | Paccar |
| | 5733.9 | 189 | Kennewick | 2NP2HM6X1CM144329 | 116364 | 2011 | Peterbilt | 337 | ISB 6.7L | Allison 2500 HS | 26' Box-truck | 145,085 | Paccar |
| | | | | | | | | | | | | | |
| 4 | 3493.5 | 195 | Medford | 1GD374BG7B1150397 | TS82227 | 2011 | Chevy | SAV | 6.0 L | 6L-90 | 16' Box-truck | 169,166 | Ally |
| | 3493.5 | 196 | Boise | 1GD374BG2B1162621 | TS82236 | 2011 | GMC | SAV | 6.0 L | 6L-90 | 16' Box-truck | 138,000 | Ally |
| | 3775.9 | 197 | Medford | 1GD374BG7B1262744 | TS82228 | 2011 | GMC | G3500 | 6.0 L | 6L-90 | 16' Box-truck | 57,762 | Ally |
| | 3493.5 | 198 | Albany | 1GD374BG2B1161789 | TS82230 | 2011 | GMC | G3500 | 6.0 L | 6L-90 | 16' Box-truck | 173,624 | Ally |
| | 3493.5 | 199 | Bend | 1GD374BG4B1162040 | TS82229 | 2011 | GMC | SAV | 6.0 L | 6L-90 | 16' Box-truck | 83,980 | Ally |
| | 2421.8 | 400 | Albany | 1GB3G4CG0C1170094 | TS85219 | 2012 | Chevy | 4500 | 6.0 L | 6L-90 | 16' Box-truck | 37,704 | Ally |
| | 2421.8 | 401 | Seattle | 1GB3G4C8C1172109 | TS85220 | 2012 | Chevy | 4500 | 6.0 L | 6L-90 | 16' Box-truck | 33,896 | Ally |
| | 2421.8 | 402 | Medford | 1GB3G4CG5C1171273 | TS85218 | 2012 | Chevy | 4500 | 6.0 L | 6L-90 | 16' Box-truck | 20,391 | Ally |
| | | | | | | | | | | | | | |
| 5 | 6171.2 | 200 | Portland | 5PVNE8J2V2D4SS2752 | TS83737 | 2013 | Hino | 268 | J08E | ALLISON 2200H | 26' Box-truck | 74,004 | GE |
| | 6191.0 | 201 | Portland | 5PVNE8JV8D4SS2755 | TS83738 | 2013 | Hino | 268 | J08E | ALLISON 2200H | 26' Box-truck | 63,933 | GE |
| | 6178.3 | 203 | PDX/LAG | 5PVNE8J5V5D4SS2759 | TS83740 | 2013 | Hino | 268 | J08E | ALLISON 2200H | 26' Box-truck | 67,808 | GE |
| | 6209.5 | 204 | PDX/PNT | 5PVNE8J3VXD4SS2756 | TS83739 | 2013 | Hino | 268 | J08E | ALLISON 2200H | 26' Box-truck | 58,259 | GE |
| | 6199.3 | 205 | PDX/PNT | 5PVNE8J1V7D4SS2750 | TS83736 | 2013 | Hino | 268 | J08E | ALLISON 2200H | 26' Box-truck | 61,358 | GE |
| | 6223.7 | 206 | Portland | 5PVNE8J5V5D4SS2762 | TS83741 | 2013 | Hino | 268 | J08E | ALLISON 2200H | 26' Box-truck | 53,881 | GE |
| | 6169.9 | 207 | Portland | 5PVNE8J1V4D4SS2753 | TS83744 | 2013 | Hino | 268 | J08E | ALLISON 2200H | 26' Box-truck | 90,025 | GE |
| | 6238.8 | 208 | Portland | 5PVNE8J3V5D4SS2745 | TS83742 | 2013 | Hino | 268 | J08E | ALLISON 2200H | 26' Box-truck | 49,223 | GE |
| | 6286.4 | 209 | Portland | 5PVNE8JV0D4SS2751 | TS83745 | 2013 | Hino | 272 | J08E | ALLISON 2200H | 26' Box-truck | 34,657 | GE |
| | 6171.2 | 210 | Portland | 5PVNE8JV0D4SS2746 | TS83743 | 2013 | Hino | 268 | J08E | ALLISON 2200H | 26' Box-truck | 75,900 | GE |
| | 6169.9 | 211 | Portland | 5PVNE8JV9D4SS2761 | TS83746 | 2013 | Hino | 268 | J08E | ALLISON 2200H | 26' Box-truck | 90,244 | GE |

1    **CERTIFICATE OF SERVICE**

2    I hereby certify that on July 11, 2013, I electronically filed the foregoing

3    **DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF**

4    **LIENS, CLAIMS AND ENCUMBRANCES OUTSIDE THE ORDINARY COURSE OF**

5    **BUSINESS** and PROPOSED ORDER with the Clerk of the Court using the CM/ECF system.

6    I hereby certify that I have mailed by United States Postal Service the document to the parties

7    listed on the attached List of Interested Parties.

8    Dated: July 11, 2013.

9    FARLEIGH WADA WITT

10

11    By: /s/ Margot D. Lutzenhiser
          Margot D. Lutzenhiser, OSB #075982
12        mlutzenhiser@fwwlaw.com
          (503) 228-6044
13        Of Attorneys for Debtor

14

15

16

17

18

19

20

21

22

23

24

25

26

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1

## LIST OF INTERESTED PARTIES

2 **UNSECURED CREDITORS COMMITTEE**

3

4

5

The Commerce Bank of Oregon
c/o Jodi Delahunt Hubbell
1211 SW Fifth Ave., Suite 1250
Portland, OR 97204

Bridgetown Trucking, Inc.
c/o Dave Chalmers
14135 NE Airport Way
Portland, OR 97230

Jubitz Corporation
c/o Rich Jansen
33 NE Middlefield Rd.
Portland, OR 97211

6

7

8

Sisters Ridge, LLC
c/o Duncan Campbell
260 Birdshill Rd.
Portland, OR 97219

Carson Oil Co., Inc.
c/o Laurie Shepherd
3125 NW 35th Ave.
Portland, OR 97210

9

**REQUESTS FOR NOTICE**

10

11

12

MAUREEN A HARRINGTON
150 California St #2200
San Francisco, CA 94111

Lake Street Properties, LLC
Randall Danskin, P.S.
Attn: Anthony E. Grabicki
601 W. Riverside Ave., Ste. 1500
Spokane, WA 99201

IBM Corporation, Attn Bkcy
Coordinator
275 Viger E #400
Montreal, QC H2X 3 R7
CANADA

13

14 **SECURED CREDITORS**

15

16

17

Ally Bank
Attn:  Susan Campbell, Bky Agent
PO Box 130424
Roseville, MN  55113

AT&T Capital Services, Inc.
c/o C T Corporation System, R/A
388 State St., Ste. 420
Salem, OR  97301

Cutting Edge FCU
c/o Brady Howe, President/CEO
PO Box 22192
Portland, OR 97269-2192

18

19

20

De Lage Landen
c/o The Prentice-Hall Corporation
System, Inc., R/A
285 Liberty St. NE
Salem, OR  97301

Dell Financial Services
c/o Corporation Service Company,
R/A
285 Liberty St. NE
Salem, OR  97301

GE Capital
c/o C T Corporation System, R/A
388 State St., Ste. 420
Salem, OR  97301

21

22

23

Isuzu Finance of America, Inc.
23906 Network Place
Chicago, IL 60673-1239

Lien Machine Inc.
POB 1375
Clovis, CA 93613

MSA Systems, Inc.
1340 S De Anza Blvd, #103
San Jose, CA 95129

24

25

26

Pacific Office Automation
POB 100706
Pasadena, CA 91189-0706

Ally Bank
c/o C T Corporation System, R/A
388 State St., Ste. 420
Salem, OR  97301

Ford Motor Credit Co.
c/o C T Corporation System, R/A
388 State St., Ste. 420
Salem, OR  97301

***FARLEIGH WADA WITT***
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1

Ford Motor Credit Co.
c/o Thomas K. Hooper
1001 SW 5th Ave #2150
Portland, OR 97204-2150

GE Capital Corporation
c/o Wilson C. Muhlheim
777 High Street #300
Eugene, OR 97401

Graystone Capital
c/o Kevin O'Hare, President
851 E. Hamilton Blvd., #200
Campbell, CA 95008

MSA Systems, Inc.
c/o Shadi Gholami, R/A
1340 S De Anza Blvd., Suite 103
San Jose, CA 95129

PACCAR Financial Corp.
c/o The Prentice-Hall Corporation
System, Inc., R/A
285 Liberty St. NE
Salem, OR 97301

PACCAR Financial Corp.
c/o P. Scott McCleery
POB 11230
Eugene, OR 97440

Pacific Office Automation
c/o Terry Newsom, R/A
14747 NW Greenbrier Parkway
Beaverton, OR 97006

**OTHER PARTIES**

US Trustee, Portland
620 SW Main St #213
Portland, OR 97205

AMB U.S. Logistics Fund, L.P.
c/o AMB Property Corporation
Pier 1, Bay 1
San Francisco, CA 94111

AT&T Capital Services, Inc.
2000 W. AT&T Center Dr.
Hoffman Estates, IL 60192-5000

All Saints Transportation
6790 Union Ave
Bay City, OR 97107

Boyd Enterprises Utah
1946 E. Edinger
Santa Ana, CA 92705

Chubb Group/Federal Insurance
15 Mountain View Rd.
Warren, NJ 07059

AXA Equitable Life Ins Co.
POB 1047
Charlotte, NC 28277

Dell Financial Services
One Dell Way
Round Rock, TX 78682

EAN Services, LLC
Attn: Business Rental Sales
600 Cororate Park Drive
Saint Louis, MO 63105

Clyde M. Loughead
913 SE Zeller Lane
Bend, OR 97702

Graystone Capital
900 East Hamilton Blvd, Ste. 1
Campbell, CA 95008

Ja-Lu Storage
Nelson Real Estate
845 Campbell St.
Baker City, OR 97814

Fireman's Fund/National Surety
777 San Marin Drive
Novato, CA 94998

Kyle McCracken & Guy Oakes
c/o Terrell Marshall Daudt
936 N. 34th St, #400
Seattle, WA 98103-8869

Lake Street Investments, LLC
c/o Carstens Management Co.
1202 E. Sprague Ave. Ste. 202
Spokane, WA 99202

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1

KENT 84, L.L.C.                    New Age Enterprises              Norcan
2    Attn: Property Manager             POB 7165                        POB 68233
3417 Hunts Point Rd.               Kennewick, WA 99336             Portland, OR 97268
3    Bellevue, WA 98004

4
Maiers Industrial Park, Inc.       OfficeMax Inc.                  Ohme Storage
5    PO Box 850                         263 Shuman Blvd.                501 Ohme Garden Rd.
Moses Lake, WA 98837               Naperville, IL 60563            Wenatchee, WA 98801
6

7
Northwest Warehouse Leasing Co     PACCAR Financial                Pacific Office Automation
8    2300 River Rd., Suite #8           777 106th Ave NE                14747 NW Greenbrier Parkway
Yakima, WA 98902                   Bellevue, WA 98004              Branch 80
9                                                                      Beaverton, OR 97006

10
Old Salem Properties, LLC          Schmilne Inc.                   Steve's Assured Security Stor.
11   19950 S. Leland Rd.                dba Silkcraft of Oregon         80886 N. Hwy 395
Oregon City, OR 97045              3324 NW Marine Dr.              Hermiston, OR 97838
12                                      Troutdale, OR 97060

13
Philadelphia Insurance Co.         Store Moore                     Supreme Storage
14   One Bala Plaza, Suite 100          2400 W. 7th St.                 7901 Old Hwy 99 N
Bala Cynwyd, PA 19004              The Dalles, OR 97058            Roseburg, OR 97470
15

16
Storage Plus                       The Fresh Pot                   Tillamook Mini Storage
17   2065 Hiline Rd.                    724 SW Washington               3510 3rd St.
Pocatello, ID 83201                Portland, OR 97205              Tillamook, OR 97141
18

19
TLC Companies                      Travelers Insurance             Van Auker, Ron W.
20   Payroll Plus Corporation           Attn:  Consumer Affairs         3084 N. Lanark St.
6160 Summit Drive N                One Tower Square, 8MS           Meridian, ID 83642
21   Minneapolis, MN 55430              Hartford, CT 06183

22
West Coast Paper                   Willis Boyd                     Winchester Ranch, Inc.
23   POB 4566                           1946 E. Edigner                 Po Box 667
Medford, OR 97501                  Santa Ana, CA 92705             Myrtle Point, OR 97458
24

25

26

Page  4 – CERTIFICATE OF SERVICE

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1

IRS                                ODR                                Washington Dept of Revenue

2    Centralized Insolvency Oper.       Attn: Bankruptcy Unit              Attn:  Doug Houghton
     PO Box 7346                        955 Center St NE                   2101 4th Ave., Suite 1400
3    Philadelphia, PA  19101-7346       Salem, OR  97301-2555              Seattle, WA  98121-2300

4    Les Schwab Tire Centers, Inc.
     c/o Corey J. Parks, R/A
5    20900 Cooley Rd.
     Bend, OR 97701

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 13-30439-tmb11 |
| Pacific Cargo Services, LLC, | [Proposed]  ORDER (I) AUTHORIZING AND APPROVING ASSET PURCHASE AGREEMENT BY AND BETWEEN PACIFIC CARGO SINGLE PURPOSE ACQUISITION CO. OR ITS DESIGNEE AND DEBTOR; (II) AUTHORIZING AND APPROVING SALE OF CERTAIN ASSETS OF DEBTOR FREE AND CLEAR OF LIENS; AND (III) GRANTING CERTAIN RELATED RELIEF |
| Debtor. | |

This matter came before the Court for hearing on July 23, 2013 upon the Debtor's

Motion for Authority to Sell Property Free and Clear of Liens, Claims and Encumbrances

Outside the Ordinary Course of Business and Notice of Intent to Sell (Docket Nos. ___ and 357)

(the "Sale Motion") in the above-captioned case for an order (the "Sale Approval Order")

approving the proposed sale of certain assets set forth in the Asset Purchase Agreement dated

July 10, 2013 (the "Assets") between the Debtor and Pacific Cargo Single Purpose Acquisition

Co. ("PCSPAC" or "Purchaser") [or _____, the successful over-bidder at the court-

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

approved auction ("Auction") on July 23, 2013], free and clear of liens.  Having considered the

submissions, arguments of counsel and evidence presented and the files and records herein; and

now being fully advised of the premises; and after due deliberation and sufficient cause

appearing therefor, the Court finds that:

A.       On January 28, 2013, a voluntary petition for relief under Chapter 11 of

Title 11, the United States Code (the "Bankruptcy Code") was filed by the Debtor.

B.       This Court has jurisdiction of this matter pursuant to 28 USC §§ 157 and

1334, 11 U.S.C. §§ 361, 363, 365, 1107 and related statutes and rules.  Venue is proper pursuant

to 28 USC § 1408.  This matter is a core proceeding pursuant to 28 USC § 157(b)(2)(A) and (N).

C.       The statutory predicates for the relief sought in the Sale Motion are

sections 105(a) and 363 of the Bankruptcy Code and Rule 6004 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").

D.       Findings of fact shall be construed as conclusions of law and conclusions

of law shall be construed as findings of fact when appropriate.

E.       Good and sufficient notice of the Sale Motion and the relief sought therein

has been given and no other and further notice is required.  A reasonable opportunity to object

and be heard regarding the relief requested in the Sale Motion has been afforded to parties in

interest.

F.       On or about July 10, 2013, the Debtor and PCSPAC entered into an Asset

Purchase Agreement (the "APA") pursuant to which PCSPAC agreed to purchase the Assets,

subject to certain conditions as set forth in the APA.  [Or, the Debtor conducted an Auction on

July 23, 2013 and received overbid(s) by _____,_____("Winning Bidders").

The Debtor entered into Asset Purchase Agreement(s) ("APAs") with the Winning Bidder(s).]

G.       As evidenced by the certificates of service filed with this Court (the

"Certificates of Service"), and based on representations of Debtor's counsel at the Sale Hearing,

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

due, proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing and the proposed sale and the transactions contemplated thereby, has been provided in compliance with sections 102(1), 363(b) and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9007, 9008 and 9014 and any other applicable requirements.   Such notice was good, sufficient and appropriate under the circumstances and no other or further notice of the Sale Motion and the transactions contemplated thereby is or shall be required.

H.    The Debtor entertained competitive bidding at the court-authorized Auction on July 23, 2013, and in its best business judgment considered all competing bids.

I.    The Debtor may sell the Assets free and clear of all liens, claims, encumbrances and interests because each entity with a security interest in the Assets to be transferred on the Closing Date either (a) has consented to the Sale; (b) could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest; or (c) otherwise falls within the provisions of 363(f) of the Bankruptcy Code, and therefore, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.   Those holders of liens, claims encumbrances and interests who have been properly noticed and who did not object to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

J.    Good and sufficient reasons for approval of the APA and the proposed sale have been articulated.   The relief requested in the Sale Motion is in the best interests of the estate, its creditors and other parties in interest.

K.    The Debtor has demonstrated both (a) good, sufficient, and sound business purpose and justification and (b) compelling circumstances for the sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code, in that, among other things, the immediate consummation of the sale to PCSPAC [or the Winning Bidder] is necessary and appropriate to maximize the value of the estate; the estate lacks sufficient cash to

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

operate or move its Assets to another location; possession of the premises at which the Debtor operates will be turned over to the landlord of the premises pursuant to a prior order of this Court (Docket No. 39) on or before April 29, 2010; the sale will provide the means for the Debtor to maximize distributions to creditors; and absent consummation of the sale, the Debtor or a chapter 7 trustee may be forced to conduct a piecemeal liquidation of the Assets, which is likely to yield substantially less proceeds available to distribute to creditors than the sale.

L.      The APA was negotiated, proposed and entered into by the parties in good faith, from arm's length bargaining positions and without collusion.  PCSPAC [or the Winning Bidder] is not an "insider" or "affiliate" of the Debtor (as each such term is defined in the Bankruptcy Code). PCSPAC is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby with respect to the transactions contemplated by the APA.  In the absence of a stay pending appeal, if the closing of the sale occurs at any time after entry of this Order, then, with respect to the APA, Purchaser, as a purchaser in good faith of the Assets, shall be entitled to the protections of section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.

M.      The Debtor has the power and authority to execute the APA, and all other documents contemplated thereby, and to consummate the transactions contemplated by the APA. The APA and all of the transactions contemplated thereby have been duly and validly authorized by all necessary actions of the Debtor.  No consents or approvals other than authorization and approval of this Court are required for the Debtor to consummate the sale.

N.      The APA constitutes the highest and best offer for the Assets, and will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative.  The Debtor's determination that the APA constitutes the high offer for the Assets constitutes a valid and sound exercise of the Debtor's business judgment.

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.  The Sale Motion is GRANTED.

2.  Any objections to entry of the Sale Approval Order or the relief granted herein and requested in the Sale Motion that have not been withdrawn, waived, resolved or settled, and all reservation of rights included therein are hereby denied and overruled on the merits with prejudice.

3.  The terms and conditions of the APA are hereby approved in all respects. Pursuant to the provisions of sections 105 and 363 of the Bankruptcy Code, Debtor is hereby authorized and directed to sell the Assets described in the APA to PCSPAC [or the Winning Bidder].

4.  Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Assets shall be transferred to PCSPAC [or the Winning Bidder] in accordance with the APA, and such transfer shall constitute a legal, valid, binding and effective transfer of such Assets and shall vest Purchaser with title to the Assets free and clear of any interest in such Assets of any entity other than the Debtor's estate under subsection 363(f) of the Bankruptcy Code.

5.  As of the Closing, PCSPAC [or the Winning Bidder] shall have any and all rights, claims, defenses and offsets held by the Debtor and the estate as to the Assets.

6.  The transfer of the Assets pursuant to this Sale Approval Order shall not subject PCSPAC [or the Winning Bidder] to any liability with respect to the obligations incurred in connection with, or in any way related to, the Debtor or the Assets prior to the Closing Date, as against all parties who received actual notice of the sale or who received adequate notice in accordance with applicable law regarding due process.

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

7.  The Debtor is authorized and directed to execute and deliver, and empowered and directed to fully perform under, consummate and implement the APA, together with all additional instruments and documents that may be reasonably necessary to implement the APA.

8.  Except as expressly permitted or otherwise specifically provided for in the APA or this Sale Approval Order, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Assets shall be transferred to PCSPAC [or the Winning Bidder], and, as of the Closing Date, shall be free and clear of all liens, claims, encumbrances and interests as against all parties who received actual notice of the Sale Motion or who received adequate notice in accordance with applicable law regarding due process.  The transfer of the Assets to PCSPAC [or the Winning Bidder] pursuant to the APA will be a legal, valid and effective transfer of the Assets, and vests or will vest PCSPAC [or the Winning Bidder] with all right, title and interest of Debtor to the Assets free and clear of liens, claims, encumbrances and interests.  All such liens, claims, encumbrances and interests shall attach to the proceeds from the sale in the approximate amount of $54,829 to the same extent, priority and validity as they attached to the Assets, subject to any rights, claims and defenses Debtor may possess with respect thereto.

9.  The transactions contemplated by the APA are undertaken by PCSPAC [or the Winning Bidder]in good faith, as that term is defined in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale to PCSPAC [or the Winning Bidder].  PCSPAC [or the Winning Bidder] is a good faith purchaser of the Assets and is entitled to all

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

10. This Court retains jurisdiction to enforce and implement the terms and provisions of the APA, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.  To the extent that this Sale Approval Order is inconsistent with any prior order or pleading with respect to the Sale Motion, the terms of the Sale Approval Order shall govern.  The provisions of the APA and this Sale Approval Order shall remain effective and enforceable notwithstanding the subsequent entry of any order confirming any chapter 11 plan or other order in this case (including any order entered after any conversion of this case under chapter 7 of the Bankruptcy Code).

11. On or before the Closing Date, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary, or reasonably requested by the Debtor, to release its liens, claims, encumbrances and interests in the Assets, if any, as such lien, claim encumbrance and/or interest may have been recorded or otherwise exist.

12. The terms and provisions of the APA and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, its successors and assigns, PCSPAC [or the Winning Bidder] and any affected third parties, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code.

13. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the transfer of the Assets to PCSPAC [or the Winning Bidder].

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

14. This Sale Approval Order shall be effective and enforceable immediately upon entry and, notwithstanding the provisions of Bankruptcy Rule 6004, this Sale Approval Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof.  Time is of the essence in closing the transactions referenced herein, and the Debtor and PCSPAC [or the Winning Bidder] intend to close the sale as soon as practicable.

# # #

**PRESENTED BY:**

FARLEIGH WADA WITT

By: /s/ Margot D. Lutzenhiser
    Tara J. Schleicher, OSB #954021
    tschleicher@fwwlaw.com
    Margot D. Lutzenhiser, OSB #075982
    mlutzenhiser@fwwlaw.com
    (503) 228-6044
    Of Attorneys for Pacific Cargo Services, LLC

cc:    Interested Parties

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741