DISTRICT OF OREGON
**F I L E D**
**July 25, 2013**
Clerk, U.S. Bankruptcy Court

Below is an Order of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Pacific Cargo Services, LLC,<br><br>              Debtor. | Case No. 13-30439-tmb11<br><br>ORDER (I) AUTHORIZING AND APPROVING ASSET PURCHASE AGREEMENT BY AND BETWEEN POSTAL EXPRESS, INC. OR ITS DESIGNEE AND DEBTOR; (II) AUTHORIZING AND APPROVING SALE OF CERTAIN ASSETS OF DEBTOR FREE AND CLEAR OF LIENS; AND (III) GRANTING CERTAIN RELATED RELIEF |

       This matter came before the Court for hearing on July 24, 2013 upon the Debtor's Motion for Authority to Sell Property Free and Clear of Liens, Claims and Encumbrances Outside the Ordinary Course of Business and Notice of Intent to Sell (Docket Nos. 358 and 357) (the "Sale Motion") in the above-captioned case for an order (the "Sale Approval Order") approving the proposed sale of assets, consisting of Lot 1 (all owned machinery and equipment, including office furniture and equipment, excluding owned vehicles) and Lot 4 (customer list, trade names, websites, phone numbers and other intellectual property) (the "Assets") set forth in an Asset Purchase Agreement dated July 24, 2013 ("APA") between the Debtor and Postal

Page 1 of 9 – ORDER AUTHORIZING AND APPROVING SALE
P:\DOCS\PCARGO\89936\PLDG\3FK0863.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Express, Inc. ("Postal" or "Purchaser"), free and clear of all liens. Having considered the submissions, arguments of counsel and evidence presented and the files and records herein; and now being fully advised of the premises; and after due deliberation and sufficient cause appearing therefor, the Court finds that:

  A. On January 28, 2013, a voluntary petition for relief under Chapter 11 of Title 11, the United States Code (the "Bankruptcy Code") was filed by the Debtor.

  B. This Court has jurisdiction of this matter pursuant to 28 USC §§ 157 and 1334, 11 U.S.C. §§ 361, 363, 365, 1107 and related statutes and rules. Venue is proper pursuant to 28 USC § 1408. This matter is a core proceeding pursuant to 28 USC § 157(b)(2)(A) and (N).

  C. The statutory predicates for the relief sought in the Sale Motion are sections 105(a) and 363 of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

  D. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

  E. Good and sufficient notice of the Sale Motion and the relief sought therein has been given and no other and further notice is required. A reasonable opportunity to object and be heard regarding the relief requested in the Sale Motion has been afforded to parties in interest. Among other things, the Debtor served a Notice of Intent to Sell Real or Personal Property at Private Sale, Compensate Real Estate Broker, and/or Pay any Secured Creditor's Fees and Costs; Motion for Authority to Sell Property Free and Clear of Liens; and Notice of Hearing with Certificate of Service (Docket No. 357) (the "Sale Notice") on all creditors. Notice of the Debtor's intent to compensate broker Equity Partners CRB a 7.0% commission of total sale proceeds upon the closing of the sale was good and sufficient.

  F. On July 23 and 24, 2013, Debtor held a competitive court-authorized Auction run by broker, Equity Partners. Using its best business judgment, the Debtor considered all competing bids. Immediately following the Auction, Postal Express was identified as the

Page 2 of 9 – ORDER AUTHORIZING AND APPROVING SALE
P:\DOCS\PCARGO\89936\PLDG\3FK0863.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

winning bidder of the Assets, having bid a total of $125,000 for the Assets ($10,000 on Lot 1 and $115,000 on Lot 4). No "Back-up Bidder" (as defined in the court-approved sale procedures) was identified.

  G. As evidenced by the certificates of service filed with this Court (the "Certificates of Service"), and based on representations of Debtor's counsel at the Sale Hearing, due, proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing and the proposed sale and the transactions contemplated thereby, has been provided in compliance with sections 102(1), 363(b) and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9007, 9008 and 9014 and any other applicable requirements. Such notice was good, sufficient and appropriate under the circumstances and no other or further notice of the Sale Motion and the transactions contemplated thereby is or shall be required.

  I. The Debtor may sell the Assets free and clear of all liens, claims, encumbrances and interests because each entity with a security interest in the Assets to be transferred on the Closing Date either (a) has consented to the Sale; (b) could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest; or (c) otherwise falls within the provisions of 363(f) of the Bankruptcy Code, and therefore, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of liens, claims encumbrances and interests who have been properly noticed and who did not object to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

  J. Good and sufficient reasons for approval of the proposed sale have been articulated. As set out by Debtor's counsel at the Sale Hearing, the only known creditor with a lien on the Assets agreed to waive its lien in the sale proceeds so those proceeds could be provided directly to the bankruptcy estate, based upon the commitment by Postal Express to continue the Debtor's business as a going concern. No other creditor has asserted a lien in the Assets or objected to the sale. The relief requested in the Sale Motion is in the best interests of

Page 3 of 9 – ORDER AUTHORIZING AND APPROVING SALE
P:\DOCS\PCARGO\89936\PLDG\3FK0863.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

the estate, its creditors and other parties in interest.

K.   The Debtor has demonstrated both (a) good, sufficient, and sound business purpose and justification and (b) compelling circumstances for the sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code, in that, among other things, the sale will provide the means for the Debtor to maximize distributions to creditors; and absent consummation of the sale, the Debtor or a chapter 7 trustee may be forced to conduct a piecemeal liquidation of overencumbered Assets or abandon the Assets, which will likely yield substantially less proceeds to distribute to creditors than the sale. Postal's intent is to acquire the business and run it as a going concern. Since many of the debtor's creditors are trade vendors, independent contractors, and employees, continuation of the business provides a benefit to creditors. Additionally, because of the secured creditors' consent to the sale and waiver of any liens in the sale proceeds, funds will be available for the estate. Immediate consummation of the sale to Postal is necessary and appropriate to maximize the value of the estate.

L.   As a condition of the sale, Postal has agreed to provide Graystone Capital with access to the Debtor's SKY computer program for one year following closing to allow Graystone Capital to collect on the accounts receivable it has purchased from the Debtor..

M.   The APA was negotiated, proposed and entered into by the parties in good faith, from arm's length bargaining positions and without collusion.  Postal is not an "insider" or "affiliate" of the Debtor (as each such term is defined in the Bankruptcy Code).  Postal is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby with respect to the transactions contemplated by the APA.  In the absence of a stay pending appeal, if the closing of the sale occurs at any time after entry of this Order, then Postal, as a purchaser in good faith of the Assets, shall be entitled to the protections of section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.

M.   The Debtor has the power and authority to execute the APA and all other

Page 4 of 9 – ORDER AUTHORIZING AND APPROVING SALE
P:\DOCS\PCARGO\89936\PLDG\3FK0863.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

documents contemplated thereby, and to consummate the transactions contemplated by the APA. The APA and all of the transactions contemplated thereby have been duly and validly authorized by all necessary actions of the Debtor. No consents or approvals other than authorization and approval of this Court are required for the Debtor to consummate the sale.

N.     The APA constitutes the highest and best offer for the Assets, and will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative. The Debtor's determination that the APA constitutes the highest and best offer for the Assets constitutes a valid and sound exercise of the Debtor's business judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Sale Motion is GRANTED.

2. Any objections to the entry of the Sale Approval Order or the relief granted herein and requested in the Sale Motion that have not been withdrawn, waived, resolved or settled, and all reservation of rights included therein are hereby denied and overruled on the merits with prejudice.

3. The terms and conditions of the APA are hereby approved in all respects. Pursuant to the provisions of sections 105 and 363 of the Bankruptcy Code, Debtor is hereby authorized and directed to sell the Assets (Lot 1 and Lot 4) described in the APA to the Purchaser.

4. Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Assets shall be transferred to the Purchaser in accordance with the APA, and such transfer shall constitute a legal, valid, binding and effective transfer of such Assets and shall vest Purchaser with title to the Assets free and clear of any interest in such Assets of any entity other than the Debtor's estate under subsection 363(f) of the Bankruptcy Code.

5. As of the Closing, the Purchaser shall have any and all rights, claims, defenses and offsets held by the Debtor and the estate as to the Assets.

Page 5 of 9 – ORDER AUTHORIZING AND APPROVING SALE
P:\DOCS\PCARGO\89936\PLDG\3FK0863.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

6. The transfer of the Assets pursuant to this Sale Approval Order shall not subject the Purchaser to any liability with respect to the obligations incurred in connection with, or in any way related to, the Debtor or the Assets prior to the Closing Date, as against all parties who received actual notice of the sale or who received adequate notice in accordance with applicable law regarding due process.

7. The Debtor is authorized and directed to execute and deliver, and empowered and directed to fully perform under, consummate and implement the APA, together with all additional instruments and documents that may be reasonably necessary to implement the APA.

8. Except as expressly permitted or otherwise specifically provided for in the APA, or this Sale Approval Order, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Assets shall be transferred to the Purchaser, and, as of the Closing Date, shall be free and clear of all liens, claims, encumbrances and interests as against all parties who received actual notice of the Sale Motion or Sale Notice or who received adequate notice in accordance with applicable law regarding due process.  The transfer of the Assets to the Purchaser will be a legal, valid and effective transfer of the Assets, and vests or will vest the Purchaser with all right, title and interest of Debtor to the Assets free and clear of liens, claims, encumbrances and interests.

9. The only asserted lien against the Assets is that of Graystone Capital ("Graystone").  Graystone agrees to and has waived its lien, claims and encumbrances against all of the proceeds from the sale of the Assets and such proceeds shall be distributed to the bankruptcy estate for distribution in accordance with the Bankruptcy Code, subject only to the 7% sales commission of Equity Partners.  Graystone has agreed to this limited waiver

Page 6 of 9 – ORDER AUTHORIZING AND APPROVING SALE
P:\DOCS\PCARGO\89936\PLDG\3FK0863.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

of its rights based upon Purchaser's commitment to continue the Debtor's business as a going concern.

10. Postal has agreed and is hereby ordered to provide Graystone Capital with access to the Debtor's SKY computer program for one year following closing of the APA.

11. The transactions contemplated by the APA are undertaken by the Purchaser in good faith, as that term is defined in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale to the Purchaser. Purchaser is a good faith purchaser of the Assets and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

12. This Court retains jurisdiction to enforce and implement the terms and provisions of the APA, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith. To the extent that this Sale Approval Order is inconsistent with any prior order or pleading with respect to the Sale Motion, the terms of the Sale Approval Order shall govern. The provisions of the APA and this Sale Approval Order shall remain effective and enforceable notwithstanding the subsequent entry of any order confirming any chapter 11 plan or other order in this case (including any order entered after any conversion of this case under chapter 7 of the Bankruptcy Code).

13. On or before the Closing Date, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary, or reasonably requested by the Debtor, to release its liens, claims, encumbrances and interests in the Assets, if any, as such lien, claim

Page 7 of 9 – ORDER AUTHORIZING AND APPROVING SALE
P:\DOCS\PCARGO\89936\PLDG\3FK0863.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

encumbrance and/or interest may have been recorded or otherwise exist.

14. The terms and provisions of the APA and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, its successors and assigns, Purchaser and any affected third parties, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code.

15. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the transfer of the Assets to Purchaser.

16. This Sale Approval Order shall be effective and enforceable immediately upon entry and, notwithstanding the provisions of Bankruptcy Rule 6004, this Sale Approval Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof. Time is of the essence in closing the transactions referenced herein, and the Debtor and Purchaser intend to close the sale as soon as practicable.

17. The Debtor is authorized to pay Equity Partners its commission of 7.0% of the sale proceeds of $125,000, at closing of the sale. No additional notice or order approving Equity Partner's 7% commission is required. Any additional compensation of any kind and from any source paid to Equity Partners in connection with sale of the Assets to Postal must be separately noticed and approved by the Court.

18. The Debtor has acknowledged and the Court hereby orders that the Assets being sold subject to this Order do not include (1) any account receivable that may have been owed to the Debtor by Distribution, Inc., dba FTL, Inc. ("FTL"); and (2) any interest of the Debtor, if any, under a Master Reciprocal Strategic Alliance Agreement, a Master Subcontractor Agreement with Nonsolicitation and Confidentiality Agreement, a Master Brokerage

Page 8 of 9 – ORDER AUTHORIZING AND APPROVING SALE
P:\DOCS\PCARGO\89936\PLDG\3FK0863.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Agreement and a Master Sublease with FTL.

19. The Debtor has acknowledged and the Court hereby orders that the three pending motions for assumption and assignment of executory contracts for the Debtor's contracts with General Parts Distribution, LLC, B&G Delivery System, Inc., and Performance Warehouse Co. (Docket No.s 369, 374 and 375, respectively) are not being granted in this Order; rather the notice period on those Assumption Notices has not yet expired and disputes regarding those Motions, if any, will be determined separately by the Court. The Debtor may file additional motions to assume and assign executory contracts to Postal and those will also be determined separately by the Court.

# # #

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

**PRESENTED BY:**

FARLEIGH WADA WITT

By: /s/ Margot D. Lutzenhiser
    Margot D. Lutzenhiser, OSB #075982
    mlutzenhiser@fwwlaw.com
    (503) 228-6044
    Of Attorneys for Pacific Cargo Services, LLC
cc:    Interested Parties

Page 9 of 9 – ORDER AUTHORIZING AND APPROVING SALE
P:\DOCS\PCARGO\89936\PLDG\3FK0863.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741