Carla G. McClurg, CSB# 227738
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205
Tel: (503) 326-7659

      Attorney for Gail Brehm Geiger, Acting U.S. Trustee for Region 18

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Pacific Cargo Services, LLC,<br><br>Debtor. | Case No.  13-30439-tmb11<br><br>U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

      The Acting United States Trustee for Region 18, Gail Brehm Geiger (the "UST"), by and through her attorney, Carla G. McClurg, moves this court for an order converting this case to one under chapter 7 or, in the alternative, dismissing it pursuant to 11 U.S.C. § 1112(b).  Cause for conversion or dismissal exists because the debtor has sold substantially all of its assets and does not have sufficient funds to pay administrative expenses, including employee wages, and therefore does not have a reasonable likelihood of rehabilitation due to substantial or continuing loss to or diminution of the estate.

**FACTUAL BACKGROUND**

      The debtor filed a voluntary chapter 11 petition on January 28, 2013.  No trustee has been appointed in this case.  A committee of unsecured creditors was appointed by the UST in this case on February 11, 2013.

      The debtor formerly operated a courier service delivering various goods, including

medication, auto parts, and farm equipment parts. Graystone Capital ("Graystone") has a blanket lien on all of the debtor's cash, receivables, and property. The court held a hearing on the debtor's proposed sale of assets in various lots on July 23 through July 24, 2013.

The court approved a sale of certain assets to Postal Express, Inc. ("Postal Express") free and clear of liens, which Postal Express apparently intends to use in its operations. The UST understands that Postal Express intends to retain many of the debtor's former employees and contract employees. Pursuant to the terms of the sale to Postal Express, Postal Express is required to pay the debtor $125,000 in which Graystone has waived lien and other claims.

The court also approved the sale of certain trucks to another purchaser for which the debtor will receive approximately $18,000. Graystone credit bid for the debtor's receivables with a balance of approximately $1.3 million as of the time of the auction. Aside from the approximately $143,000 in sale proceeds that the debtor either has or will receive, the debtor has approximately $3,000 in its bank accounts.

On July 29, 2013, Postal Express issued a notice to the debtor's former employees in which it stated that employees would only be paid by Postal Express for wages earned after July 25, 2013 because Postal Express "learned after closing [the] purchase that [the debtor] does not have funds available to pay" wages for the preceding pay period. The UST subsequently learned that employees have not been paid by the debtor for wages earned for the period of July 1 through July 24, 2013. Monthly operating reports filed by the debtor reflect that monthly payroll obligations are approximately $500,000 per month. The unpaid payroll obligations of the debtor greatly exceed the available funds in the estate.

**LEGAL ANALYSIS**

The court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 2100-1 of the United States District Court for the District of Oregon. This matter is a core proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A) and (O). Pursuant to 11 U.S.C. § 307, the UST may raise, appear, and be heard on any issue in any case or proceeding

under Title 11.

Section 1112(b) of the Bankruptcy Code provides that the court shall convert a chapter 11 case to one under chapter 7 or dismiss a chapter 11 case, whichever is in the best interest of creditors and the estate, if the movant establishes "cause." The Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA") expanded the definition of "cause" for relief under § 1112(b) and limited the court's discretion under section 1112(b) once the movant establishes cause. See 11 U.S.C. §§ 1112(b)(1), (b)(2). Prior to BAPCPA, section 1112(b) provided that a court "may" convert or dismiss a chapter 11 case for cause. See In re Prods. Int'l Co., 395 B.R. 101, 108 (Bankr. D. Ariz. 2008).

Section 1112(b) includes a non-exhaustive list of examples of "cause" for the dismissal or conversion of a chapter 11 case. 11 U.S.C. § 1112(b)(4); see In re Consolidated Pioneer Mortg. Entities, 248 B.R. 368 (9th Cir. BAP 2000) (the list of cause in section 1112(b) is illustrative rather than exhaustive). In this case, "cause" exists to dismiss or convert this case because of substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (11 U.S.C. § 1112(b)(4)(A)). The estate appears to be administratively insolvent, and the debtor has sold substantially all of its assets.

Pursuant to § 1112(b)(1), once cause has been established, the court must determine whether conversion or dismissal is "in the best interests of creditors and the estate." In re Owens, 552 F.3d 958, 959 (9th Cir. 2009). Based on information currently available to the UST, it appears that conversion to chapter 7 is in the best interests of creditors and the estate. Prompt conversion to chapter 7 would allow for a trustee to take possession of estate funds, preserve them, and pursue appropriate claims on behalf of the estate, including any claims for surcharge of collateral for the benefit conferred on Graystone through the services of employees.

## CONCLUSION

This case should be converted to chapter 7, or in the alternative, dismissed.

DATED this 30th day of July, 2013.

        Respectfully submitted,
        GAIL BREHM GEIGER
        Acting United States Trustee

        /s/ Carla G. McClurg
        Carla G. McClurg, CSB# 227738
        Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2013, I served a copy of the foregoing U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE by emailing a copy of this document to the following:

Margot Lutzeinhizer, Counsel for the Debtor (mlutzenhiser@fwwlaw.com)

Douglas Pahl, Counsel for the Committee of Unsecured Creditors (dpahl@perkinscoie.com)

Alex Poust, Local Counsel for Graystone Capital  (apoust@schwabe.com)

Maureen Harrington, Counsel for Graystone Capital  (mharrington@greenfieldsullivan.com)

                    GAIL BREHM GEIGER
                    Acting United States Trustee

                    /s/ Carla G. McClurg
                    Carla G. McClurg, CSB# 227738
                    Trial Attorney